Good morning, Your Honor. Andrew Akin, on behalf of Ninebot Technology Co., Ltd., Ninebot Inc., Japan, and Ninebot USA. This is a patent case. It relates to a self-balancing unicycle where a rider stands between a wheel and a gyroscope assists him with balancing and driving the device around. You may have seen them out on trails. Mr. Chen, he's the owner of the Inventor and the owner of the Plaintiff and Patent Owner that's in dispute. He didn't invent the self-balancing unicycle, but invented a couple of improvements to them. Among other features, he removed a U-shaped bracket that was on a prior art self-balancing unicycle. Importantly, he put some special surfaces there that he described that protruded slightly from the sides that were necessary and important to control the device. It's not contested that our client Ninebot sold such devices during this infringement period of 2014 through 2015, but at the end of 2015, they pivoted to a device that didn't have these lateral protruding surfaces, and the court in the summary judgment found that they did not infringe. We've appealed two issues today. The first is the district court's preclusion of our ability to present evidence of non-infringing alternatives. This evidence was material to our case because Ninebot, I mean, Inventus was able to prove lost profits during this. That's correct, yeah. It's not exactly, the actual award doesn't divide what it is, how much was lost profits and how much was reasonable royalty, but the agreed-upon maximum reasonable royalty would have been about $70,000. They were awarded about $730,000, I believe. So a large part of that award was lost profits. Was there evidence about the non-infringing alternative and the ability to modify the device? Was it involved in the importation of non-infringing second-generation devices? Our evidence that we intended to produce was a redesign or modification of the first-generation device, which had a padded battery cover. And what we intended to show by one of our witnesses is they could have removed this padded battery cover and put a, it required removal of a ring that was press-fit in there, and then two screws, and they could have put a plate that didn't have, that was contiguous with the surface, and not had a protruding special surface. It would have been smooth, it might have just, you know, it was just a, by and large a smooth surface, but it had somewhat of a convex shape. And I think the district court judge misunderstood the law, because twice she said that since this product was not on sale during the infringing period, we were precluded from offering that device. So that's the correct legal standard. Excuse me? The correct legal standard for this. On appeal, that's abusive discretion. No, no, no, no. The correct legal standard to determine whether a non-infringing alternative was available. Let's, as a matter of fact. No, no, there's a standard, though. I mean, clearly we are based on, if there's something on sale, that's a non-infringing alternative. Correct. If it's just a theoretical idea, it's not a... Understood. So the state... I understand the standard would be somewhere in the middle.  It's not sort of a hard... All right. Well, the case law said that the person that's proposing this, that's not on the line, has to have the necessary materials and know-how, which we believe that, you know, because of our manufacturing, we had that. It was ready to show the time and the cost of development, that it wasn't theoretical that you could create this, because we did create a second generation product that was highly similar to the redesign. It's not a relevant time frame. Excuse me? The second generation is not a relevant time frame. I agree. I think what I'm struggling with is, when does it cross over from a merely theoretical idea that because you were working in this area, you could have made one to an acceptable non-infringing alternative? Because it doesn't seem to me that just because, after the fact, you get an expert to say, well, we could have designed around this if we'd known about it, that doesn't seem to be the right legal standard. If that's the case, we almost never have non-infringing alternatives, because you can always get an expert to say, yeah, they could have designed around this. That may be enough. Well, I think that's what the case law allows. If it's readily available, and you can show how you would have done that. It's the ease of the modification. It's the ease of it. And it was simple. It literally was two screws that needed to be removed and put in place. Is there enough evidence of that? Or I saw a proffer in the record. Is there an expert reporter with declarations to identify witnesses who would say, as you're suggesting to us, it's the easing of the modification? Well, that's a good question. And we don't, because we weren't aware of the claim for lost profits until we obtained an expert report that put that in. You mean a proffer? Correct. Which the judge said was sufficient? He said the agreed or proffer met the standard of providing a proffer. But we didn't have these other witnesses, because they never pled under Section 287 that they were going to seek, that they were seeking lost profit damages, which they have to do under ARTICAT. They have to plead lost profits. Did the district court set a deadline for them to make clear to you that their damages theory was lost profits?  We just, we responded to their expert reports, but it was never pled. That was our first notice. I'm confused. I thought you offered a specific witness. There was an offer of approval and the district court found that sufficient. Does that mean there wasn't a witness? No, no, there was a witness. I was saying there was never a time that they said that we had to provide earlier. There's no issue about whether you were timely in making the proffer, right? The district court specifically said it was sufficient. Correct. I think there's no issue about the timeliness of your proffer, but I think your friends on the other side of the law were arguing that you waited too long to tell them that you were challenging certain aspects of the market. Well, that as well. Is that right? But once again, That's a different issue. A separate issue that won't appeal today. And actually, I'd like to move on to that because of the timing. Now that we think that, just to summarize, we think it was abusive of discretion to prevent us from providing this evidence. We provided a witness in our pretrial order and it was excluded, we think, for improper issues of the law. The second issue relates to notice of infringement under 287. And in order to get pro-filing damage, it's well established you have to plead it and then show either actual notice or constructive notice. Here, the plaintiff sort of threw everything against the wall. They argued that they provided both. Their evidence of actual notice that they cited was a meeting that happened in China that happened before the patent had even issued and we hadn't even started manufacturing. So that could have been impossible under the case law because actual notice requires a specific identification of a product and the identification of the patent. I had a witness who said they marked the product. Well, that's their alternative theory. They've also argued that they marked the product. Well, I had a witness testify that they marked the product. What's wrong with that? Well, with respect to that testimony, that was the only testimony that supports marking. Under the law, I would advocate they would. And also, their testimony itself lacked foundation. Their testimony said, I believed I marked it. That's all we have. No, it's not. He said he did mark it. No, he said he marked his products and then when I specifically asked him if he marked the SolarWare Classic, he said, I believed I marked it. He did. It was general testimony that he marked it. It was general testimony that he marked his products. And then when I came back, we showed that he didn't always mark his products that he had testified to. He said that he, as sort of a custom in usage, he would put patent pending and then after a patent issued, he'd mark it. But we introduced... He said it's a fact issue for the jury. It is a fact issue, but we... In his testimony, they marked it. I mean, you may have come back and tried to describe it to him, but the jury was compelled to believe what he wanted to believe. We don't think that that snippet of testimony... He didn't testify that he did all his products. He just said he marked his products. Yes, it was, and that's my opinion. That's correct. We had probably too many chiefs and not enough Indians at the time. I mean, I was one of three lawyers. Well, we didn't... Our appeal was on 59. That's correct. Correct. Right, and we asked for latitude under Rule 2 and we put that in our... Excuse me? But we had already filed our notice of appeal. That's not the subject of what you're now arguing because you didn't raise your rule 15. Right, but I cited authority that said once I filed my notice of appeal, the federal circuit has jurisdiction over it. Right. Once you have jurisdiction, you're permitted... Correct. I agree with that, but I'm saying the court still has jurisdiction, has their discretion to hear this, and we asked for the latitude for that issue. They brought this... I understand what you're saying, latitude. Latitude is not a legal standard for determining whether something is properly performed. Once you have jurisdiction over the appeal, you have jurisdiction over that issue as well. That's what my position is, and the case law that was cited by the cross-appellant in this case is not applicable to that because it was all circumstances where the appellate court did not have jurisdiction over the case. Once the jurisdiction attaches under Rule 2, they can suspend that rule to allow consideration, and that's why we're asking for review of this issue as well. Rule 4? The rule that a second notice of appeal for that specific issue is required. Okay. We've only got 45 seconds left. We'll give you a couple of minutes. Okay. Thank you.  Good morning, Your Honors, and may you please the Court. Debra Cohen on behalf of Plaintiffs Cross-Appellants, Inventist, Inc., and Shane Chen. With the Court's permission, I'd like to reserve four minutes for rebuttal. Jurisdictional and procedural defects preclude review of two of 9.3 issues on appeal. As the Court has noted... There's no procedural harm with respect to the exclusion of their witness, right, on the non-apprehension alternatives? Correct, Your Honor. In their briefing, Ninebot argued, while it purported to only appeal the exclusion of the evidence, which is properly before the Court... Do that, of course. Their argument seems to be supported by claim processing for the case. They don't have to show that the non-apprehension alternatives are actually not sales if it wasn't readily available. Why didn't their evidence show that it was readily available? There simply is no evidence in the record that the product was readily available. They weren't allowed to put any evidence in the record. They made an offer of proof. They made an offer of proof, Your Honor, after they had raised this issue on summary judgment, after they... after they received Inventus' report, expert report, claiming loss-profit damages. If Inventus' report truly was that there were no... there was no evidence of non-apprehension alternatives, and she applied the incorrect law by requiring actual sales of non-apprehension alternatives, then that was error. And she has to decide, under the right legal standard, based upon what the evidence they wanted to put in, whether there were possible non-apprehension alternatives. The court excluded the evidence because no evidence was timely disclosed. There was nothing in an expert report? Your Honor, I'm not really that clear on this point. It seems to me she excluded it because she said there's no evidence of non-apprehension articles being sold during the relevant period. Do you agree that's the wrong standard? That is the wrong standard, Your Honor. Articles don't need to be actually sold. However, if they are not sold, case law states that the infringer has to overcome the inference that no available... that no products are actually... that, I'm sorry, that products are actually available. They had evidence to show that these could have been easily modified, which they say is the correct legal standard, during this period, if they weren't allowed to put that evidence on. They had the opportunity to put that evidence on, Your Honor, at summary judgment when they raised this argument. They have to put it on at summary judgment since she said they excluded it from trial, right? They raised this... They put it on at summary judgment and said this is for the jury. That's correct, Your Honor, but in their summary judgment briefing, they argued exactly what they're arguing now before the court, that they could easily modify the first-generation product. They didn't actually support that with any evidence, any declaration. I don't understand how that leads them to be putting that evidence on at trial, particularly when she didn't grant summary judgment on that one. If your argument is correct that they didn't provide sufficient evidence at the summary judgment stage for this, then you should have gone on summary judgment. You didn't. They're not bound by that when they come to trial and put it on evidence, are they? No, but they are bound by not... by not engaging in trial by ambush, which is what they were attempting here. Wait, wait, wait. Where did the... You argued that. Where did the district court say there was something untimely about their product? In the order that they're actually appealing. Where is that? Which is the order on... the pretrial order, Your Honor. Where does she say that? She says that on page... Is it 31? I believe that's correct, Your Honor. Thank you. And there the court says that there is no timely evidence of non-infringing alternatives. And the court is correct there. NonBot was attempting to shift its theory once again. Could I ask you, that order starts with the court referencing a pretrial conference and saying the following rulings were issued for the reasons as stated on the record. Do we have that record? What is the judge talking about there? I'm afraid we don't have that record on the fee, Your Honor. Is it the problem... You're only pointing this to the second half of the sentence on 31. The first half says non-infringing substitutes not on sale during period of infringement. That's legally incorrect. So what makes the difference whether she said it wasn't timely if she's saying... applying the incorrect legal standard? The way I would read that is what she's saying is that they didn't present any evidence that it was actually on sale and that that's what's required. Respectfully, Your Honor, I would read it differently. I would read it as the court recognizing that there is a long history in this case of NonBot attempting to shift its damages theory. And just to be clear, do you know is there a transcript ruling that exists that just for some reason we don't have? Did she explain what she meant here on the record somewhere? I am unsure if there's a transcript of the pre-trial conference, Your Honor. So all we have is our understanding of this one sentence which you acknowledge has a legal error in it, the first part of the sentence, correct? Only to the extent that you read that part in isolation. The second half, NonBot had the opportunity to put on evidence that it easily could have changed And you said that that's the argument they made in their summary judgment question. They just didn't, to your view, put on sufficient evidence to support that. It's not like you weren't on notice of what their argument was, which is modification, not actual sale. But there was no opportunity for anyone to actually probe this. The summary judgment issue was after the close of discovery. They didn't indicate in their pre-trial, in their pre-trial order itself that they intended to argue modification. They didn't identify any witnesses who would argue modification. Wait, wait, wait. She said at one point that your proffer on this point is adequate. You made your point. Where do we find that in the letter? She said you made your proffer and that's adequate, right? She said you made your proffer and that's adequate. Where do we find that? Which order is that? That's in the trial testimony, Your Honor. And that is at I believe that that is at page 905. Thank you. Thank you, counsel. 905. 905. 905. So there's no suggestion at that point that maybe I'm timing it well, right? The proffer was timely, Your Honor. The proffer was also offered after the order that Ninebot is actually appealing. I think they were doing it solely as a protective measure to ensure the issue was before the court, which it was. And at that juncture, the court stood by its ruling that Ninebot had not timely disclosed that it was planning on offering any of this. The exclusion of evidence is a good... Okay, but where here in the trial where she rules that there's already been a brain processing and she says I reject that and that your proffer is timely, there's no suggestion in this discussion of the trial that there's anything untimely about raising the issue, correct? Raising the issue, no, but raising the evidence, yes. Where does she say here that there's something untimely about raising the evidence? It seems to me quite the contrary. She's saying you've made a proffer and that's adequate. I believe she's... Also on page 906, it seems she clearly is still misunderstanding the standard. If you look up at line 6 after them talking about the proffer and all the moving screws, she says, did they do it? What's that? Did they do it? And then it goes on, she asks, did they do it again? That is not the right standard, that they actually did it. And if that's the problem, then that's the problem. I don't see any reference at all in this colloquy that she's excluding the evidence because it was unfairly presented at the last moment and was detrimental to your side. She is excluding it because she doesn't think they provided any evidence of actual non-imprinting alternatives being in existence. And if that's the basis for her ruling, that's legally incorrect. Respectfully, Your Honor, the order that's been appealed was the pre-trial order. And the pre-trial order expressly references timeliness. And again, NYMA had the opportunity to disclose that it was going to put on evidence at some point prior to this proffer of modification, and it didn't. It's not in an expert report. It's not in a rebuttal expert report. It's not in the description of the witness's anticipated testimony. The trial court properly excluded untimely evidence to avoid trial by ambush. Where does it say any of that? It is, I believe, fairly implied from the court's reference to timely evidence of non-imprinting alternatives. One word when the rest of the colloquy is all done for applying the incorrect legal standard. Why don't you move on? I'll move on, Your Honor. Thank you. Turning then to NYMBOT's first issue, which is its attempted appeal of the order denying the motion for new trial. As Your Honor, Judge, he's recognized timely filing a notice of appeal is a jurisdictional requirement. NYMBOT... So why, if they filed a premature notice of appeal, if that's sufficient, they filed a notice of appeal, why doesn't that cover the later order as well? For two reasons, Your Honor. First, that notice of appeal did not, as is admitted by counsel, identify the order on the motion for new trial as an order being appealed. And the statute, 28 U.S.C. 2107, specifically references bringing orders up before the court. Federal Rule of Appellate Procedure 4A.4.B. sub 2 specifically states that when a party challenges an order on a FRAP 4A motion, which would include motions for new trial, a party must, must file an amended notice of appeal for a new notice of appeal if it hasn't filed one. Doesn't that rule also have a good cause standard allowing for waiver? Does that work? No, Your Honor, it does not. There is no good cause standard allowing for waiver. And the rule that counsel referenced, FRAP 2, which generally does allow the court to waive those rules, specifically cites to accept as provided in Rule 29, and Rule 29 specifically states that the court cannot extend the time to file a notice of appeal except as provided in Rule 4, which Rule 4 then does have circumstances if a motion is made to the district court under limited circumstances to reopen or extend the time to file a notice of appeal. There's nothing in the rules that allows the party in order on a motion for a new trial to not actually file an amended notice of appeal. I see that I am eating into my rebuttal time, Your Honor. I'll rest with that at my night. You're not going to argue your prosecution? Just very briefly, Your Honor. Ninebot, I'm sorry, the district court erred in granting summary judgment on Ninebot's second generation products. It's a question of fact for the jury whether the convex second plate on Ninebot's second generation products I don't understand this argument at all. You agreed to a claim construction which called surface as something that protrudes from the side. And there's, now you're trying to argue if I understand it, that the side is not the outside, it's some inner covering. But you didn't get a claim construction defined side, and side doesn't actually seem to mean something inside the casing, it seems to mean the outside. And if it does mean the outside, I think there's no question of fact that there's nothing protruding from the outside of this second generation product. What's protruding? As you noted, Your Honor, there is no specific definition of side, so it's up to a reasonable That's up to you. No, no, no. If you take us down that path, you're going to be in an O2 micro situation, and we're going to be up here on appeal saying what's the proper construction of side? And side does not naturally seem to mean to be some interior portion of something that's being covered. Does it? There is, true. That's an argument that side means something inside and not the outside of the device. Where the outer balance of side is? That's, no, no. Don't argue with me, that's a question of fact. That is definitely, if you're going to dispute what a side means, that's a claim construction of our argument. Then, Your Honor, respectfully, I would say that the two-part construction with the convex surface that comes in contact with the user's leg, allowing them to control the machine, to control the device, is a leg at contact surface. At least it is a question of fact for the jury to determine. Yeah, but that's not what you argued as the claim construction below. You're stuck with what you argue, which is a surface which protrudes from the sides of the device and which may come in contact. The parties agreed that that was the definition of that that was an appropriate claim construction, Your Honor. Right. And now you're trying to kind of vary it by changing the definition of what side is. I don't believe that there's anything in that that would preclude a reading of side as side of the internal casing. An external casing on top of it is beyond the side of the device. That seems really far-fetched, and if you wanted that as a construction of what side, you should ask. Could you give us an example of what would not be a protruding side under this analysis you're offering us now? Certainly, Your Honor. If there was a wheel and one single cover and nothing beyond it, that single cover would be the side of the device. Does the single cover have to be completely flush with the rest of the device? It would have to be close to flush with the device. Obviously, there would need to be a small amount of room so that the wheel could move, but here there's a two-part construction. There is that internal cover and then a convex external cover, and we posit that it is a question of fact for the jury whether or not that is protruding from the side of the device. Okay. I think we're out of time. We're going to do one more question. Thank you. I just have a few issues to discuss. One, regarding the timeliness, it's important to understand that we were never given notice that they were seeking pre-filing damages until essentially we received the expert reports. In fact, the discovery had closed at that point. Do you know if the district court said more about why she was giving these rulings, this reference on 29 to, I'm doing this for the reasons stated on the record? Were you there? I apologize. I was there, but I don't recall You don't recall she gave any explanation? Yeah. If I A lot of things were discussed in that pre-trial conference. As you can see, it was a pretty extensive pre-trial order. That was one of the issues that we were raising at the time, as well as probably seven or eight other issues. She indicated at the trial conference one of the issues was her, right? Correct. And I would point out, and I think you recognize, that at summary judgment she specifically said that the existence of non alternative, non-infringing alternatives is an issue of fact. And the theory you're arguing now is the theory you made in your summary judgment papers, right? You didn't make an argument that it was being sold. You made the same argument, I think, that you're making to us, that it was easily modified. And nothing changed from that date to the pre-trial order. I mean, there was no other evidence that came in. The record was exactly the same. And at the pre-trial order, she decides, well, there's no evidence of non-infringing alternatives. There was no event that could have changed that from the summary judgment motion. I also note that counsel said it wasn't in the description of the witness testimony. Our witness, we did indicate that we intended to present evidence on the redesign, and that's of the first-generation product, and specific information about what that new cover played to the cost. And it was $20 to $30 that would probably involve cost of making this retrofit at our distributors and whoever else was selling it in the United States. Okay, I think we must have further questions here. Thank you. Since the cross-examination is not allowed. Okay, thank you. The case is submitted.